## HOOD, FOULKROD & CO. *v.* RODGERS.

*Simmons, C. J.*—Evidence that a husband managed and conducted for his wife and as her agent a mercantile business belonging exclusively to her, giving to it his entire time and attention, and that his services in so doing were worth a stated sum per month, would not, without more, be sufficient to show that there was any unpaid indebtedness by her to him for such services; nor would this be made to appear by introducing in evidence, in addition to the above, the books kept in the business, showing its nature and extent and containing no entries of any payments to the husband.                      *Judgment affirmed.*

July 20, 1896.  By two Justices.

Garnishment.   Before Judge Van Epps.   City court of Atlanta.   November term, 1895.

Hood, Foulkrod & Co. obtained judgment against James Rodgers on a suit filed March 29, 1894, on an account for merchandise sold him by them September 20, 1890, the judgment being dated May 9, 1894.   They sued out summons of garnishment, which on July 24, 1894, was served on Mrs. C. C. Rodgers.   She answered, denying any indebtedness, etc.   Her answer was traversed; and upon the trial a nonsuit was granted.

Plaintiffs introduced the record of their suit and judgment against Rodgers.   William Beggs testified:   I know defendant and the garnishee, who is his wife.   I have been living in Atlanta a number of years.   Rodgers runs a retail store on Decatur street, Atlanta, the business being carried on by him in the name of his wife.   It has been run by him that way for about two years prior to April or May, 1895, as well as I can remember.   He has bought goods

during that time from the house I am connected with. Mrs. Rodgers had nothing to do with the active management of the store.    It is all managed and controlled by him.    He stays there and seems to devote his whole time to the business.    She stays at home.    It is her stock of goods and business, but is run and managed by him.    He has a clerk there, and seems to do a very good business.    He is a man of considerable experience in that line of business. They sell dry goods, etc.    My opinion is that the services of a man of his capacity and experience, in giving his whole time and attention to a business of the kind and extent conducted by him for his wife, would be worth at least $50 or $60 a month.

Plaintiff tendered in evidence the books of defendant, kept by him in connection with the business of Mrs. Rodgers, produced under notice by her, the same being the regular books of account kept by her in said mercantile business, and showing the original entries of cash sales, collections and expenditures, and covering the period of two years prior to the service of the summons of garnishment on her and at and subsequent to said date; this evidence having been offered to show the nature and extent of the business and that there were no entries of any mony paid out to Rodgers during that time.    The evidence was rejected by the court.    To this ruling, and to the grant of a nonsuit, plaintiffs excepted.

*W. R. Hammond*, for plaintiffs.
*W. W. Haden* and *Rosser & Carter*, for defendant.